## THE CITY NATIONAL BANK OF FORT WORTH vs. I. N. STOUT.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

A bill of exception should show whether an application for a continuance was a first or subsequent application.

Where a term of the court has intervened between the issuance of the subpœna and the application for a continuance, it should be made to appear that the witness did not disobey the subpœna at the intervening term.

See this case for ruling as to liability of person receiving draft issued by mistake.

A request that the judge give his conclusions of law and fact should be made promptly, and if made after an unreasonable delay his refusal will not be revised.

Appeal from Tarrant county.

This action was brought on 27th Dec., 1881, and was not tried

until May 22nd, 1883. The parties having announced ready for trial on the preceding day, the pleadings for the plaintiff having been read on that day; on the morning of 22nd, leave was given to the defendant to withdraw its announcement for trial, whereupon, it made an application for continuance, based on the absence of a witness stated to be a resident of the county and subpœnaed on May 5th, 1882.

The bill of exceptions does not show whether the application for a continuance was the first, second, or third, but it was in substance such an application as the statute requires for a first continuance, except that it did not state that due diligence had been used to procure the testimony.

The application was defective if considered a first application; and if it was a second or third application had but few of the statements required, and the court did not err in overruling it. A bill of exceptions should show whether an application for a continuance was a first or subsequent application. (Arnold vs. Hockney, 51 Tex. 46;) And when a witness has been supoenaed so long before the application is made, it should clearly appear that due dilligence had been used.

This is not sufficiently shown in this case, for the witness may have disobeyed the sopoena at former terms.

The appellee could become responsible to the appellant only by reason of a contract or tort.

There was no contract between them, from which any liability whatever could arise, nor does the evidence show that the appellee was guilty of any wrongful act, which would create a liability.

The mistake in the amount for which the draft was drawn was made by the cashier of the bank, and it does not appear that the appellee had any notice whatever of the mistake, when he handed back the draft to the cashier with the request that he would enclose it in an envelope, direct it to Crandall, and deposit it in the post office with the bank's mail. The appellee received no benefit from the mistake, and however fraudulent may have been the conduct of Crandall, in receiving five thousand dollars on the draft, which he most probably knew was intended to enable him to receive five hundred only, yet the mere fact that he was the son-in-law of Stout,— to whom Stout intended to make a present of five hundred dollars, could not render Stout liable to the appellant for an injury which re-

rulted from its own want of due care and the fraud of another. If it were shown that Stout knew of the mistake before he caused the draft to be mailed to Crandall, a different question would arise. It is not to be presumed that a judge who tries a cause, will refuse to give a statement of his conclusions of fact and law, when requested to do so, and that a judge has so refused, must be made to appear in some way before the matter could be revised.

In this case it appears that a motion was filed and entered on the motion docket, requesting such a statement, but it does not appear that this was ever called to the attention of the court, in fact, the motion seems to have been filed nearly a month after the trial of the cause.

Such application should be made promptly, while the matter is fresh in the mind of the court, and if made after an unreasonable delay, even a refusal to make the statement ought not to be revised.

As presented, this question cannot be revised; but we cannot see that the appellant has been in any way prejudiced by the want of such statement; there is a full statement of facts and the case is not such a one as required such a statement for the proper presenta tion or understanding of it in this court. There is no error in the judgment and it is affirmed.

Opinion by Stayton, Associate Justice.